APPEAL OF PENINSULAR STATE BANK OF DETROIT.

Docket No. 4172.　Submitted September 21, 1925.　Decided January 19, 1926.

The determination of the Commissioner disallowing a deduction of the balance of the taxpayer's investment in certain bonds and treating certain items as capital expenditures rather than ordinary and necessary expenses, approved.

*William M. Donnelly, Esq.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This is an appeal from the determination of deficiencies of $912.53 and $4,736.61 in income and profits taxes for the years 1916 and 1920, respectively, overassessments of $639.58, $842.34 and $365.38 having been found for the years 1918, 1919, and 1921, respectively. The questions involved are the deductibility as ordinary and necessary expenses of the cost of small safes and the cost of installing a police signalling system, and the deductibility of the balance of the taxpayer's investment in certain bonds.

104881—27——29

FINDINGS OF FACT.

The taxpayer is a Michigan corporation engaged in the banking business in Detroit. During the years 1919, 1920 and 1921, the taxpayer charged to expense the aggregate amount of $4,760, which represented the cost of small auxiliary safes purchased by the taxpayer at less than one dollar apiece and loaned to savings depositors under the agreement that, if they were not returned to the taxpayer, a charge of one dollar would be made therefor. This fee has never been exacted. The safes were used by the recipients to accumulate small savings, the keys to the safes being retained by the taxpayer. It was the expectation of the taxpayer that, upon bringing the safes to the bank for the purpose of opening them, the holder would deposit the contents in its savings department. Some of the safes were damaged or lost from time to time. Some customers used the same safes for many years.

During the years 1919, 1920, and 1921, the taxpayer charged to expense the aggregate amount of $7,519.56, which represented the cost of a signalling system which was installed throughout the 27 branch banks of the taxpayer in Detroit, with concealed buttons, by means of which there could be prompt notification communicated to the police department of Detroit in the event of bank robberies. The installation was insisted upon by the Detroit Clearing House Association and the police. On four occasions of its use, it was ineffective in accomplishing its purpose, but it is still utilized to the extent of 90 per cent of its installation.

In the year 1919 the taxpayer deducted as worthless the amount of approximately $14,000, representing the balance of an investment in bonds of the Nestor Lumber Co. The taxpayer received liquidating dividends on the bonds during 1914 to 1918, inclusive, in the total of 66 per cent of the principal of the bonds, and an additional 2 per cent was paid to the taxpayer in 1920. The debtor still has assets in the form of timber lands located in Michigan. As late as 1922 the taxpayer, upon making inquiry, was advised by the receiver of the Nestor Lumber Co. that, due to liquidating dividends, the face amount of all bonds had been reduced from $264,600 to $84,672, and that an offer had been made for the purchase of the assets for $24,-000. During 1919, 1920, and 1921, the receiver sold some of the land and received therefor the total amount of $14,150.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MORRIS: Several questions pertaining to the year 1917 are raised by the petition, but the Commissioner, according to the deficiency letter, has found neither an overassessment nor a deficiency for that year. We are, therefore, without jurisdiction.

The auxiliary safes and police signalling system, the cost of which the taxpayer claims is deductible in 1919, 1920, and 1921, have not been shown to have been items of current expense. The safes are used by depositors for the purpose of accumulating small savings. Some of them have gone through the process of being filled, opened, and reissued for many years. The police signalling system, during the taxable years in question, served the purpose for which it was installed. . The slight reduction in its utilization was occasioned by the removal of a few push buttons, which were so located as to be conducive to the sending of false alarms.

The deduction of the balance of the taxpayer's investment in the bonds of the Nestor Lumber Co. is disallowed, as the bonds were not proven to have been worthless in 1919.